UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RENE DOWNEY,**

                      **Plaintiff,**

**-vs-**                                                                 Case No. 6:07-cv-1180-Orl-31DAB

**ROBERT W. BAIRD & CO.
INCORPORATED,**

                      **Defendant.**

_____

## ORDER

This matter comes before the Court on the Motion to Dismiss or, in the Alternative, to Stay Action and Compel Arbitration (Doc. 7) filed by the Defendant, Robert W. Baird & Co., Inc. ("Baird"), as well as the response (Doc. 11) filed by the Plaintiff, Rene Downey ("Downey").

**I.    Background**

Defendant Baird, an asset management firm, employed Downey as a "Registered Client Relationship Associate/Specialist" from July 7, 2005 to February 27, 2007. During her employment, Baird signed a Uniform Application for Securities Industry Regulation or Transfer ("Form U-4"). The Form U-4 provides, in pertinent part, that the signatory agrees "to arbitrate any dispute, claim or controversy that may arise between me and my firm or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the [National Association of Securities Dealers, Inc.]". On July 17, 2007, Downey filed a two-count complaint against Baird in this Court, contending that the Defendant violated the Fair Labor Standards Act

("FLSA") by failing to pay overtime and breached an employment contract by failing to pay bonuses. (Doc. 1).

## II.     Standards

Federal policy favors arbitration over litigation, and requires that arbitration clauses be construed broadly and that all doubts be resolved in favor of arbitration. *Seaboard Coast Line R. R. v. Trailer Train Co.*, 690 F.2d 1343, 1348 (11th Cir.1982); see *also Nicor Int'l Corp. v. El Paso Corp.*, 292 F.Supp.2d 1357, 1371 (S.D.Fla.2003) (noting strong federal policy in favor of enforcing arbitration agreements). The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, provides, in relevant part, as follows:

> A written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract ... or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The FAA further provides that a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court ... for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Absent some violation of public policy, a federal court must refer to arbitration any controversies covered by the provisions of an arbitration clause. *Telecom Italia, SpA v. Wholesale Telecom Corp.*, 2448 F.3d 1109, 1114 (11th Cir. 2001).

**III.     Analysis**

The provisions of the FLSA are mandatory; FLSA rights cannot be abridged by contract or otherwise waived. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). The FLSA permits rights under the FLSA to be settled or compromised in only two ways. *Id.* at 1352-53. The Secretary of Labor may supervise payment of back wages to employees, who waive their right to seek liquidated damages by accepting the payments. *Id.* at 1353. If suit is filed, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Id.* With these principles as her foundation, Downey's primary argument[1] is that the Court cannot enforce the Form U-4 and compel arbitration because this would in effect result in the abridgment or waiver of some of her FLSA rights, such as the right to a jury trial and the right to bring a collective action, outside of the context of a supervised settlement.

To a certain extent, Downey is correct. The Supreme Court has held that the same policy considerations that forbid waivers by employees of basic minimum and overtime wages under the FLSA also forbid waivers of other provisions of the Act, such as the right to liquidated damages. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945). However, the Supreme Court has also held that parties who agree to arbitrate their statutory claims are not forgoing the substantive rights afforded by the statute; rather, they are agreeing to their resolution in an arbitral, rather than

---

[1] Downey also makes a perfunctory (and unpersuasive) argument that she did not agree to arbitrate the claims at issue in this suit – i.e., FLSA claims and claims for unpaid wages – because the language of the Form U-4 is not broad enough to encompass them. However, to quote the Form U-4, these claims are obviously a "dispute, claim or controversy that [has] arisen between [Downey] and [her] firm". Aside from this simple denial, Downey makes no effort to address Baird's argument that within this Circuit, at least, it is settled that Form U-4 requires arbitration of employee-employer disputes such as those at issue here. *See Kidd v. Equitable Life Assurance Society of U.S.*, 32 F.3d 516, 520-21 (11th Cir. 1994).

a judicial, forum. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985). Thus, there is no waiver here.[2]

Moreover, although the United States Court of Appeals for the Eleventh Circuit has not addressed Downey's arguments directly, it has allowed FLSA claims to go to arbitration. *See, e.g.*, *Montes v. Shearson Lehman Bros., Inc.*, 128 F.3d 1456 (11th Cir. 1997) (remanding FLSA claim to new arbitration panel). Other Circuit Courts have rejected the argument that FLSA claims cannot be subject to mandatory arbitration. *See Kuehner v. Dickinson &* Co., 84 F.3d 316, 319-20 (9th Cir. 1996) (finding no evidence in text or legislative history that Congress intended to preclude arbitration of FLSA claims) *and Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 506 (4th Cir. 2002) (rejecting argument that purposes and structure of FLSA directly conflict with the FAA's pro-arbitration policy) *and Carter v. Countrywide Credit Industries, Inc.*, 362 F.3d 294, 298 (5th Cir. 2004) (rejecting argument that compelling arbitration would deprive plaintiffs of substantive rights under FLSA).

Finally, Downey argues that if the Court opts to send this matter to arbitration, it should stay the matter rather than dismissing it so as to be in position to supervise a potential settlement and to take steps to protect the public's right to scrutinize the dispute. Downey presents no authority in support of these arguments. In its motion, Baird seeks dismissal or, in the alternative, a stay, without expressing a preference for one over the other. The FAA provides, in pertinent

---

[2]Downey also argues that the waiver issue may arise again in the context of settlement negotiations during the arbitration process. No such settlement has occurred, however. Therefore to the extent that Downey's argument on this score has merit, it is not yet ripe. Similarly, Downey's argument that arbitration conflicts with the purposes of the FLSA because it is subject to less public scrutiny than litigation is not ripe.

part, that a district court "shall on application of one of the parties *stay* the trial of the action until ... arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3 (emphasis added).  The Eleventh Circuit has not addressed the issue directly but has frequently affirmed where the district court, after compelling arbitration, has dismissed the case rather than staying it, at least where, as here, all of the claims in the suit were subject to arbitration.  *See Gilchrist v. Citifinancial Services, Inc.,* 2007 WL 177821 (M.D.Fla. 2007) (collecting cases). However, because a settlement of FLSA claims would appear to require judicial supervision, the Court finds that a stay is the more appropriate course to take here.

## IV.     Conclusion

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Motion to Dismiss or, in the Alternative, to Stay Action and Compel Arbitration (Doc. 7) is **GRANTED**.  The Plaintiff is **ORDERED** to arbitrate her FLSA and breach of contract claims against the Defendant, and this case is **STAYED PENDING ARBITRATION**.  The Clerk is **DIRECTED** to close this case administratively.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 18, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party